IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

```
PATRICK RAMSEY,                    :

     Plaintiff,                    :

vs.                                :
                                          CIVIL ACTION 05-0424-M
JO ANNE B. BARNHART,               :
Commissioner of
Social Security,                   :

     Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20).  Oral argument was heard on January 25, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born November 7, 1970. At the time of the administrative hearing, Ramsey was thirty-four years old, had completed a high school education (Tr. 111), and had previous work experience as a carpenter's helper, a cashier, and a butcher (Tr. 112). In claiming benefits, Plaintiff alleges disability due to diabetes, hypertension, leg pain, mental retardation, and his need for a cane (Doc. 11).

The Plaintiff filed applications for disability benefits and SSI on May 5, 2005 (Tr. 42-44, 91-92). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Ramsey "retain[ed] the functional capacity to perform work at all exertional levels" (Tr. 17; *see generally* Tr. 11-19). Plaintiff requested review of the hearing decision (Tr. 9-10) by the Appeals Council, but it was denied (Tr. 5-7).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Ramsey alleges that: (1) The Appeals Council failed to properly consider newly-submitted evidence; (2) the ALJ did not properly consider the

2

opinions and conclusions of his treating physician; (3) he meets the requirements of Listing 9.08; (4) no examining physician provided an opinion as to his residual functional capacity; (5) the ALJ did not identify the limitations associated with Plaintiff's severe impairment; and (6) the ALJ ignored certain evidence (Doc. 10).  Defendant has responded to—and denies—these claims (Doc. 14).

Plaintiff first claims that the Appeals Council failed to properly consider newly-submitted evidence.  Ramsey refers to the psychological evaluation performed by Psychologist David W. Blanton on April 28, 2005, sixteen days after the ALJ's decision was rendered (*see* Tr. 104-07).  Plaintiff has argued that that evidence demonstrates that Plaintiff has a mental impairment. Defendant has argued that the evidence was properly considered by the Appeals Council and that this Court should not review it.

It should be noted that "[a] reviewing court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985).  However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994). However, "when the [Appeals Council] has denied review, we will

3

look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999).

If, however, the Appeals Council accepts the case for review, we consider that new evidence as well, though it is to be examined differently from the balance of the evidence. *See* Falge, 150 F.3d at 1323. *Keeton* directs this Court to look at the new evidence and determine whether it meets the three-prong standard for remanding this action. *Keeton*, 21 F.3d at 1068. To make a determination of remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In examining the action at hand, the Court notes that the Appeals Council denied review of the additional evidence (Tr. 5). The Court has considered the submitted evidence and finds that the three-prong standard has not been met. Specifically, the Court finds that the second prong is not met because there is not a reasonable possibility that considering it will change the administrative result. This is so because Ramsey has never asserted that he suffered a mental impairment until the

4

submission of this evidence.  No such assertion exists in the paperwork submitted in connection with Plaintiff's applications (Tr. 50-56) or at the hearing before the ALJ (Tr. 108-24).  The Court finds that Ramsey's claim that the Appeals Council did not properly consider this evidence is without merit.

Plaintiff next claims that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physicians.  Ramsey refers to the records of Dr. Frank L. Dozier (Doc. 10, pp. 4-6).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2005).

Dr. Dozier treated Plaintiff from April 25, 1994 through August 16, 2004 (Tr. 81-82, 90).  The first three treatment notes date from April/May 1994 (Tr. 82) and pre-date Ramsey's alleged disability onset date of June 2, 2001 (Tr. 42).  Dozier's next treatment note is April 9, 2002, at which time he noted that Plaintiff had not taken his medications for eight years and that his visit at that time was to begin taking medications again for

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

his diabetes (Tr. 81).  Ramsey next saw the doctor a year later, twice within one week; Plaintiff stated on the second of those visits that he was feeling "ok" (*id.*).  On July 23, 2003, Dozier noted that Plaintiff had been out of medications for hypertension and diabetes for at least a month; Ramsey's only complaint was that his feet hurt (Tr. 90).  Nearly thirteen months later, on August 16, 2004, the doctor noted that Plaintiff had been out of medications for three-to-four months; Ramsey was trying to get disability because his legs hurt all of the time (*id.*).  Dozier gave him sample medications and stated that he would "try to help him proceed to some type of disability as [he felt] like he may need to have this for his continued medical care" (*id.*).

The only other medical evidence of record came by way of a consultative examination by Dr. Mohammed A. Nayeem on June 26, 2003 (Tr. 83-87).  After a thorough physical, the doctor diagnosed Ramsey to have diabetes mellitus and noted that Plaintiff had failed to take any medication in the last two months.  Nayeem also found him to suffer "[d]iabetic polyneuropathy with ataxia and stumbling gait;" Ramsey used a "cane to balance and prevent himself from falling and not because of his back or any problem with his legs" (Tr. 86).  The doctor also noted "[d]iabetic retinopathy with sharply reduced distant vision" (*id.*).  Dr. Nayeem also diagnosed "[c]hronic alcoholism, which is possibly contributing to all the above symptomatology" as well as chronic tobacco use (*id.*).  The doctor's concluding

remarks were as follows:  "It seems that the main problem for this man is that he is diverting the money.  Instead of buying the medications, he is buying tobacco and alcohol.  Once he starts taking the treatment for his diabetes and stops drinking and smoking, he should be fully and 100% functional" (Tr. 87).

The ALJ faithfully reported these medical findings (Tr. 15-16).  Though his discussion of Dozier's notes focused on Ramsey's non-compliance with his medical regimen, the treating physician's records do bear out those findings and offer little more in the way of medical evidence.  The ALJ went into more detail in summarizing Dr. Nayeem's notes, but it was the more thorough examination.  The ALJ went on to "give substantial weight to Dr. Nayeem's opinion regarding the claimant's functional abilities" while not stating the specific weight given to Dr. Dozier's opinion (Tr. 17).

The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  The Court finds the ALJ's failure to state the weight he gave Dr. Dozier's opinion to be, at most, harmless error.  While Dozier *treated* Ramsey, the medical notes do not reveal that he ever actually *examined* him, certainly not in as thorough a manner as Nayeem.  Though Dozier indicated his desire to help Plaintiff with his disability claim, his own medical notes do not support a finding of disability.

7

More to the point, Dozier's records reveal a patient who fails to follow his medical regimen. The Social Security regulations state that "[i]n order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work." 20 C.F.R. § 404.1530(a) (2005). The regulation goes on to state that "[i]f you do not follow the prescribed treatment without a good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits." 20 C.F.R. § 404.1530(b) (2005); *see also Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1998). The Court finds that Plaintiff's claim that the ALJ did not properly consider the opinions and conclusions of his treating physician to be without merit.

Ramsey also claims that he meets the requirements of Listing 9.08. Plaintiff specifically refers to the disability listing of diabetes mellitus with "[n]europathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 9.08A (2005).

The Court finds no merit in this claim. While Ramsey correctly asserts that Dr. Nayeem diagnosed him to suffer neuropathy and noted his use of a cane, he fails to note Nayeem's opinion that he is not following his medical regimen and that by doing so he would be one hundred percent functional. As noted

earlier, the disability regulations specifically state that benefits will not be awarded to a claimant who fails to follow prescribed treatment.

Plaintiff next claims that the ALJ committed error in failing to obtain a residual functional capacity (hereinafter *RFC*) assessment from any of the examining physicians.  Ramsey admits, however, in his own argument that while such a statement is desirable, the lack of one does not invalidate the examination (Doc. 10, p. 2) (citing 20 C.F.R. § 416.919n(c)(6)).  The Court notes that the ALJ is responsible for determining a claimant's RFC.  20 C.F.R. § 404.1546 (2005).  The ALJ's conclusion that Plaintiff can perform a full range of work, based on Dr. Nayeem's report and the testimony of a vocational expert (*see* Tr. 121-22), is supported by substantial evidence.  The Court finds that Nayeem's thorough examination provides in substance, if not in form, his opinion as to Plaintiff's residual functional capacity. Ramsey's claim otherwise is without merit.

Plaintiff next claims that the ALJ did not identify the limitations associated with his severe impairment (Doc. 10, pp. 6-7).  Ramsey points out the ALJ's finding that he suffered from a severe impairment of "diabetes mellitus, adult onset, type II" (Tr. 18, ¶ 4), and notes that the Eleventh Circuit Court of Appeals, in *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on

the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf*. 20 C.F.R. § 404.1521(a) (2005).[2]  The Court notes that the eleventh circuit has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  Ramsey argues that because the ALJ found him to have a severe impairment, yet failed to identify the limitations associated with his diabetes, his decision cannot stand.

While the Court understands Plaintiff's argument and sees some merit in it from a theoretical perspective, the Court further notes that the ALJ's decision was not reached in a vacuum.  Though acknowledging that Ramsey suffered from diabetes, the ALJ further found him capable of performing his past relevant work; this conclusion was reached because of Dr. Nayeem's complete and thorough examination and the testimony of the vocational expert.  The ALJ's failure to identify the specific limitations Ramsey suffered in connection with his diabetes is,

---

[2]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

10

at most, harmless error and provides no basis for returning this action for further consideration.

Plaintiff's final claim is that the ALJ ignored certain evidence. Ramsey has more specifically argued that the ALJ ignored Dr. Nayeem's findings that he suffered from diabetic neuropathy and retinopathy and used a case for balance (Doc. 10, pp. 7-8).

The Court finds no merit in this argument. Plaintiff has ignored Dr. Nayeem's opinion that Ramsey would be fully functional if he would follow his medical regimen. The Court, however, cannot overlook Dr. Nayeem's opinion and finds that the ALJ has not ignored it either.

Plaintiff has raised six different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate order.

DONE this 25th day of January, 2006.


                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE